1   R. Scott Weide, Esq.                                        Allen J. Wilt
    Nevada Bar No. 5541                                         Nevada Bar No. 04798
2   *SWeide@WeideMiller.com*                                    *awilt@lionelsawyer.com*
    Ryan Gile, Esq.                                             **LIONEL SAWYER & COLLINS**
3   Nevada Bar No. 8807                                         1100 Bank of America Plaza
    *rgile@weidemiller.com*                                     50 West Liberty Street
4   **WEIDE & MILLER, LTD.**                                    Reno, Nevada 89501
    7251 West Lake Mead Blvd. Suite 530                         Telephone: (775) 788-8666
5   Las Vegas, NV  89128                                        Facsimile: (775) 788-8682
    Telephone: (702) 382-4804
6   Facsimile: (702) 382-4805                                   Neil J. McNabnay (admitted *pro hac vice*)
                                                                mcnabnay@fr.com
7   Craig S. Summers, Esq. (admitted *pro hac vice*)            Britnee M. Reamy (admitted *pro hac vice*)
    *craig.summers@knobbe.com*                                  *reamy@fr.com*
8   David G. Jankowski, Esq. (admitted *pro hac vice*)          Carl E. Bruce (admitted *pro hac vice*)
    *david.jankowski@knobbe.com*                                bruce@fr.com
9   Jared C. Bunker, Esq. (admitted *pro hac vice*)             **FISH & RICHARDSON P.C.**
    *jared.bunker@knobbe.com*                                   1717 Main Street, Suite 5000
10  **KNOBBE, MARTENS, OLSON & BEAR, LLP**                      Dallas, TX 75201
    2040 Main Street, Fourteenth Floor                          Telephone: (214) 747-5070
11  Irvine, CA 92614                                            Facsimile: (214) 747-2091
    Telephone: (949) 760-0404
12  Facsimile: (949) 760-9502                                   Attorneys for Defendants
                                                                ORBITZ WORLDWIDE, INC. and
13  Steven A. Maddox, Esq. (admitted *pro hac vice*)            ORBITZ, LLC
    *steve.maddox@knobbe.com*
14  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
    1717 Pennsylvania Ave. N.W., Suite 900
15  Washington, D.C. 20006
    Telephone: (202) 640-6400
16  Facsimile: (202) 640-6401

17  Attorneys for Plaintiff
    CEATS, INC.

18

19                  IN THE UNITED STATES DISTRICT COURT

20                       FOR THE DISTRICT OF NEVADA

21

    CEATS, INC., a Nevada corporation,             Case No. 13-cv-01385-MMD-VCF
22
                 Plaintiff,                        **ORDER GOVERNING**
23                                                 **COLLECTION AND PRODUCTION OF**
           v.                                      **ELECTRONICALLY STORED**
24                                                 **INFORMATION**
    ORBITZ WORLDWIDE, INC.,  a Delaware
25  corporation, and ORBITZ, LLC, a Delaware
    limited liability company,
26
                 Defendants.                       Honorable Miranda M. Du
27

28

                                                                            Exhibit 2

1    Pursuant to the Court's December, 11, 2013, Order (ECF No. 49), Defendants Orbitz

2    Worldwide, Inc. ("Orbitz Worldwide") and Orbitz, LLC ("Orbitz, LLC") (collectively

3    "Defendants") hereby submit this proposed order governing collection of production of

4    electronically stored information.

5        1. **ESI Production Format**.  Absent agreement of the parties or further order of this

6    court, the following parameters shall apply to ESI productions: each production will be

7    provided in TIFF format with a resolution of not less than 300 DPI, with a Bates-like

8    numbering stamp, and any necessary confidentiality legend/stamp.  The parties have no

9    obligation to create or manually code fields that are not automatically generated by the

10   processing of the ESI or that do not exist as part of the original metadata of the ESI.  For ESI

11   that is not easily converted to image format, such as Excel and Access files, the parties will,

12   upon good cause shown, provide a reasonable amount of such information in native format if

13   it exists.  No party has an obligation to make its production text-searchable; however, if a

14   party's documents already exist in text-searchable format independent of this litigation, or are

15   converted to text-searchable format for use in this litigation, including for use by the

16   producing party's counsel, then such documents shall be produced in the same text-

17   searchable format at no cost to the receiving party.

18       Each ESI production will be provided as multi-page TIFF images.  Along with the

19   images, an OPT format load file (typically used in Concordance/iPRO) will be provided and

20   the volume name included in the file path.  The load file will include document breaks

21   indicating the beginning and ending bates numbers for each document.  Document level OCR

22   shall be provided as a single-page text file in ASCii format.  Each text file should bear the

23   same name as the Production number of the first page of each document.  The multi-page

24   TIFF images should appear in a folder in a numbered format. The OCR text files should be

25   contained in a separate folder titled "OCR."

26       2. **No Backup Restoration Required.** Absent a showing of good cause, no party need

27   restore any form of media upon which backup data is maintained in a party's normal or

28   / / /

Exhibit 2

1    allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of

2    media, to comply with its discovery obligations in the present case.

3         3. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails,

4    PDAs and mobile phones are deemed not reasonably accessible and need not be collected and

5    preserved.

6         4. **ESI Production Requests**.

7         A. For ESI, General ESI production requests under Federal Rules of Civil Procedure

8    34 and 45, or compliance with a mandatory disclosure order of this court, shall not include

9    electronic mail or other forms of electronic correspondence (collectively, "E-Mail"). To

10   obtain the production of E-Mail, a party must propound specific production requests directed

11   at e-mail or the other forms of electronic correspondence.

12        B. By February 3, 2014, each side will produce a specific listing of likely E-Mail

13   custodians, along with each custodian's job title and job description.  The listing shall also

14   include a specific identification of the E-Mail custodians believed to represent a

15   comprehensive source of relevant E-Mail in view of the pleaded claims, defenses, and

16   contentions.  This identification shall include a description of why the identified custodians

17   are believed to represent a comprehensive source of relevant E-Mail in view of pleaded

18   claims, defenses, and contentions, including a description of why additional E-Mail

19   custodians would be cumulative.  Each side may also propound up to five written discovery

20   requests and take one deposition to identify the proper custodians, proper search terms, and

21   proper time frame for E-Mail production requests.

22        C. E-Mail production requests can be made beginning on February 10, 2014.

23        D. E-Mail production requests shall identify the custodian, search terms, and time

24   frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and

25   proper time frame.  The requesting party shall seek e-mail from no more than five custodians

26   per side.  Each requesting party shall limit its E-Mail production requests to a total of eight

27   search terms per custodian, but the producing party will allow two additional search terms if

28   the iterative negotiation process results in the need for a total of ten search terms.  The search

1    terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the

2    producing company's name or its product name, are inappropriate unless combined with

3    narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive

4    combination of multiple words or phrases (e.g., "computer" and "system") narrows the search

5    and shall count as a single search term. A disjunctive combination of multiple words or

6    phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase

7    shall count as a separate search term unless they are variants of the same word. Use of

8    narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production

9    and shall be considered when determining whether to shift costs for disproportionate

10   discovery.

11        E. The parties may jointly agree to modify these limits without the court's leave.  The

12   court shall consider contested requests for additional or fewer custodians and requests for

13   additional or fewer search terms per custodian, upon showing a distinct need based on the

14   size, complexity, and issues of this specific case.

15        5. **Inadvertent Production**.   Pursuant to Federal Rule of Evidence 502(d), the

16   inadvertent production of a privileged or work product protected ESI is not a waiver in the

17   pending case or in any other federal or state proceeding.  The mere production of ESI in a

18   litigation as part of a mass production shall not, by itself, constitute a waiver for any purpose.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-3-                                   Stipulated Order re Collection of ESI
                                           Exhibit 2

1    6. Except as expressly stated, nothing in this order affects the parties' discovery

2  obligations under the Federal of Local Rules.  Each party bears its own costs of preserving,

3  searching for, and producing ESI. Any cost shifting will be done only as ordered by the

4  Court.

5                                              Respectfully submitted,

6

7                                              **FISH & RICHARDSON, P.C.**

                                               By: ___*/s/ Neil J. McNabnay*_____
8                                              Neil J. McNabnay (admitted *pro hac vice*)
                                               Britnee M. Reamy (admitted *pro hac vice*)
9                                              Carl E. Bruce (admitted *pro hac vice*)
                                               1717 Main Street, Suite 500
10                                             Dallas, Texas 75201

11                                             and

12                                             **LIONEL SAWYER & COLLINS**

13
                                               Allen J. Wilt, Esq.
14                                             1100 Bank of America Plaza
                                               50 West Liberty Street
15                                             Reno, Nevada 89501

16                                             Attorneys for Defendants
                                               ORBITZ WORLDWIDE, INC, and
17                                             ORBITZ, LLC.
                                               Dated: January 9, 2014

18

19

20

21                                             **IT IS SO ORDERED:**

22
                                               _____
23                                             UNITED STATES DISTRICT JUDGE

24                                             Dated: _January 29, 2014_____

25
   17001111
26

27

28

                                    -4-                    Stipulated Order re Collection of ESI

Exhibit 2