1  R. Scott Weide, Esq.                                         Allen J. Wilt
   Nevada Bar No. 5541                                          Nevada Bar No. 04798
2  *SWeide@WeideMiller.com*                                     *awilt@lionelsawyer.com*
   Ryan Gile, Esq.                                              **LIONEL SAWYER & COLLINS**
3  Nevada Bar No. 8807                                          1100 Bank of America Plaza
   *rgile@weidemiller.com*                                      50 West Liberty Street
4  **WEIDE & MILLER, LTD.**                                     Reno, Nevada 89501
   7251 West Lake Mead Blvd. Suite 530                          Telephone: (775) 788-8666
5  Las Vegas, NV  89128                                         Facsimile: (775) 788-8682
   Telephone: (702) 382-4804
6  Facsimile: (702) 382-4805                                    Neil J. McNabnay (admitted *pro hac vice*)
                                                                mcnabnay@fr.com
7  Craig S. Summers, Esq. (admitted *pro hac vice*)             Britnee M. Reamy (admitted *pro hac vice*)
   *craig.summers@knobbe.com*                                   *reamy@fr.com*
8  David G. Jankowski, Esq. (admitted *pro hac vice*)           Carl E. Bruce (admitted *pro hac vice*)
   *david.jankowski@knobbe.com*                                 bruce@fr.com
9  Jared C. Bunker, Esq. (admitted *pro hac vice*)              **FISH & RICHARDSON P.C.**
   *jared.bunker@knobbe.com*                                    1717 Main Street, Suite 5000
10 **KNOBBE, MARTENS, OLSON & BEAR, LLP**                       Dallas, TX 75201
   2040 Main Street, Fourteenth Floor                           Telephone: (214) 747-5070
11 Irvine, CA 92614                                             Facsimile: (214) 747-2091
   Telephone: (949) 760-0404
12 Facsimile: (949) 760-9502                                    Attorneys for Defendants
                                                                ORBITZ WORLDWIDE, INC. and
13 Steven A. Maddox, Esq. (admitted *pro hac vice*)             ORBITZ, LLC
   *steve.maddox@knobbe.com*
14 **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   1717 Pennsylvania Ave. N.W., Suite 900
15 Washington, D.C. 20006
   Telephone: (202) 640-6400
16 Facsimile: (202) 640-6401

17 Attorneys for Plaintiff
   CEATS, INC.

18

19                    IN THE UNITED STATES DISTRICT COURT

20                        FOR THE DISTRICT OF NEVADA

21

22 CEATS, INC., a Nevada corporation,                 Case No. 13-cv-01385-MMD-VCF

23              Plaintiff,                             **ORDER GOVERNING
                                                       COLLECTION AND PRODUCTION OF
           v.                                          ELECTRONICALLY STORED
24                                                     INFORMATION**

25 ORBITZ WORLDWIDE, INC.,  a Delaware
   corporation, and ORBITZ, LLC, a Delaware
   limited liability company,
26
                                                      Honorable Miranda M. Du
             Defendants.
27

28

Exhibit 2

1    Pursuant to the Court's December, 11, 2013, Order (ECF No. 49), Defendants Orbitz

2    Worldwide, Inc. ("Orbitz Worldwide") and Orbitz, LLC ("Orbitz, LLC") (collectively

3    "Defendants") hereby submit this proposed order governing collection of production of

4    electronically stored information.

5    1. **ESI Production Format**.  Absent agreement of the parties or further order of this

6    court, the following parameters shall apply to ESI productions: each production will be

7    provided in TIFF format with a resolution of not less than 300 DPI, with a Bates-like

8    numbering stamp, and any necessary confidentiality legend/stamp.  The parties have no

9    obligation to create or manually code fields that are not automatically generated by the

10   processing of the ESI or that do not exist as part of the original metadata of the ESI.  For ESI

11   that is not easily converted to image format, such as Excel and Access files, the parties will,

12   upon good cause shown, provide a reasonable amount of such information in native format if

13   it exists.  No party has an obligation to make its production text-searchable; however, if a

14   party's documents already exist in text-searchable format independent of this litigation, or are

15   converted to text-searchable format for use in this litigation, including for use by the

16   producing party's counsel, then such documents shall be produced in the same text-

17   searchable format at no cost to the receiving party.

18   Each ESI production will be provided as multi-page TIFF images.  Along with the

19   images, an OPT format load file (typically used in Concordance/iPRO) will be provided and

20   the volume name included in the file path.  The load file will include document breaks

21   indicating the beginning and ending bates numbers for each document.  Document level OCR

22   shall be provided as a single-page text file in ASCii format.  Each text file should bear the

23   same name as the Production number of the first page of each document.  The multi-page

24   TIFF images should appear in a folder in a numbered format. The OCR text files should be

25   contained in a separate folder titled "OCR."

26   2. **No Backup Restoration Required.** Absent a showing of good cause, no party need

27   restore any form of media upon which backup data is maintained in a party's normal or

28   / / /

Stipulated Order re Collection of ESI

Exhibit 2

1   allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of

2   media, to comply with its discovery obligations in the present case.

3          3. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails,

4   PDAs and mobile phones are deemed not reasonably accessible and need not be collected and

5   preserved.

6          4. **ESI Production Requests**.

7          A. For ESI, General ESI production requests under Federal Rules of Civil Procedure

8   34 and 45, or compliance with a mandatory disclosure order of this court, shall not include

9   electronic mail or other forms of electronic correspondence (collectively, "E-Mail"). To

10  obtain the production of E-Mail, a party must propound specific production requests directed

11  at e-mail or the other forms of electronic correspondence.

12         B. By February 3, 2014, each side will produce a specific listing of likely E-Mail

13  custodians, along with each custodian's job title and job description.  The listing shall also

14  include a specific identification of the E-Mail custodians believed to represent a

15  comprehensive source of relevant E-Mail in view of the pleaded claims, defenses, and

16  contentions.  This identification shall include a description of why the identified custodians

17  are believed to represent a comprehensive source of relevant E-Mail in view of pleaded

18  claims, defenses, and contentions, including a description of why additional E-Mail

19  custodians would be cumulative.  Each side may also propound up to five written discovery

20  requests and take one deposition to identify the proper custodians, proper search terms, and

21  proper time frame for E-Mail production requests.

22         C. E-Mail production requests can be made beginning on February 10, 2014.

23         D. E-Mail production requests shall identify the custodian, search terms, and time

24  frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and

25  proper time frame.  The requesting party shall seek e-mail from no more than five custodians

26  per side.  Each requesting party shall limit its E-Mail production requests to a total of eight

27  search terms per custodian, but the producing party will allow two additional search terms if

28  the iterative negotiation process results in the need for a total of ten search terms.  The search

Stipulated Order re Collection of ESI
                                              Exhibit 2

1  terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the

2  producing company's name or its product name, are inappropriate unless combined with

3  narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive

4  combination of multiple words or phrases (e.g., "computer" and "system") narrows the search

5  and shall count as a single search term. A disjunctive combination of multiple words or

6  phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase

7  shall count as a separate search term unless they are variants of the same word. Use of

8  narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production

9  and shall be considered when determining whether to shift costs for disproportionate

10  discovery.

11      E. The parties may jointly agree to modify these limits without the court's leave.  The

12  court shall consider contested requests for additional or fewer custodians and requests for

13  additional or fewer search terms per custodian, upon showing a distinct need based on the

14  size, complexity, and issues of this specific case.

15      5. **Inadvertent Production**.   Pursuant to Federal Rule of Evidence 502(d), the

16  inadvertent production of a privileged or work product protected ESI is not a waiver in the

17  pending case or in any other federal or state proceeding.  The mere production of ESI in a

18  litigation as part of a mass production shall not, by itself, constitute a waiver for any purpose.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Stipulated Order re Collection of ESI
                                                                        Exhibit 2

1       6. Except as expressly stated, nothing in this order affects the parties' discovery

2  obligations under the Federal of Local Rules.  Each party bears its own costs of preserving,

3  searching for, and producing ESI. Any cost shifting will be done only as ordered by the

4  Court.

5                        Respectfully submitted,

6

7                       **FISH & RICHARDSON, P.C.**

                       By: _____*/s/ Neil J. McNabnay*_____

8                       Neil J. McNabnay (admitted *pro hac vice*)

                       Britnee M. Reamy (admitted *pro hac vice*)

9                       Carl E. Bruce (admitted *pro hac vice*)

                       1717 Main Street, Suite 500

10                     Dallas, Texas 75201

11                     and

12                     **LIONEL SAWYER & COLLINS**

13

14                     Allen J. Wilt, Esq.

                       1100 Bank of America Plaza

15                     50 West Liberty Street

                       Reno, Nevada 89501

16                     Attorneys for Defendants

17                     ORBITZ WORLDWIDE, INC, and

                       ORBITZ, LLC.

18                     Dated: January 9, 2014

19

20

21                     **IT IS SO ORDERED:**

22

23                     UNITED STATES OCI KVTCVG JUDGE

24                     Dated: January 29, 2014

25

26  17001111

27

28

                                   Stipulated Order re Collection of ESI

Exhibit 2